658 S.E.2d 79

**In the Matter of Harry Clayton DePEW, Respondent.**

**No. 26440.**

Supreme Court of South Carolina.

Submitted Jan. 28, 2008.
Decided Feb. 25, 2008.

Lesley M. Coggiola, Disciplinary Counsel, and Ericka M. Williams, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

John P. Freeman, of Columbia, for respondent.

**PER CURIAM:**

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to the imposition of an admonition, public reprimand, or definite suspension not to exceed nine (9) months. We accept the agreement and definitely suspend respondent from the practice of law in this State for nine (9) months. The facts, as set forth in the agreement, are as follows.

## FACTS

On January 14, 2002, respondent applied for and obtained a driver's license from the Department of Motor Vehicles using the name and other identifying information of his deceased father but bearing his own photograph. A report generated by the Department of Motor Vehicles Document Review and Fraud Detection Unit revealed the fraudulent license when it determined that the credentials used to obtain the license were that of a deceased person. The information was forwarded to the South Carolina Law Enforcement Division which charged respondent with Fraudulent Application for a License. *See* S.C.Code Ann. § 56–1–510(5) (2006). On June 13, 2007, respondent entered a plea of nolo contendere in the Orangeburg County Summary Court.

## LAW

Respondent admits that by his misconduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 8.4(b) (lawyer shall not commit a criminal act that reflects adversely on the lawyers honesty, trustworthiness, or fitness as a lawyer in other respects) and Rule 8.4(d) (lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation). In addition, respondent admits his misconduct constitutes a violation of Rule 7, RLDE, of Rule 413, SCACR, specifically Rule 7(a)(1) (lawyer shall not violate Rules of Professional Conduct or any other rules of this jurisdiction regarding professional conduct of lawyers) and Rule 7(a)(5) (lawyer shall not engage in

conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law).

## CONCLUSION

We accept the Agreement for Discipline by Consent and definitely suspend respondent from the practice of law for nine (9) months. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, C.J., MOORE, WALLER, PLEICONES and BEATTY, JJ., concur.